Citation Nr: 1719080 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-17 109 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.

3. Entitlement to service connection for a bilateral ear disability, to include injury to the tympanic membrane. 


ATTORNEY FOR THE BOARD

J. Meyer, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1968 to April 1969.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2012 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

The Veteran was scheduled for a hearing before the Board in November 2016, but failed to appear without good cause. Therefore, his request for a hearing will be considered withdrawn. 38 C.F.R. § 20.704(d) (2016).

This appeal arises from an original claim where the Veteran sought service connection for tinnitus, hearing loss and damage to the tympanic membrane. While these were characterized as three distinct issues, they are in actuality interrelated, and the Board has decided to evaluate all three, in order to prevent any procedural prejudice to the Veteran. Therefore, while the tympanic membrane injury was the only issue certified, the Board takes jurisdiction over all three issues, and they are characterized above as such. 


FINDINGS OF FACT

1. The Veteran's bilateral hearing loss was not caused by, related to, or aggravated by active military service.

2. The Veteran's tinnitus was not caused by or related to active military service.

3. The Veteran does not have a bilateral ear disability or injury to the tympanic membrane. 


CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103(a), 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.306, 3.309, 3.385 (2016).

2. The criteria for entitlement to service connection for tinnitus have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103(a), 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.309 (2016).

3. The criteria for entitlement to service connection for a bilateral ear disability, to include injury to the tympanic membrane, have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103(a), 5103A (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service Connection

The Veteran is claiming entitlement to service connection for bilateral hearing loss, tinnitus, and a bilateral ear disability, which he asserts are related to a grenade explosion during basic training, as well as due to noise exposure from his military occupation as a mechanic.

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014). Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

The law provides that a veteran is presumed to be in sound condition except for defects noted when examined and accepted for service; and when defects are noted upon entry the presumption of soundness does not apply and the presumption of aggravation is for application. See 38 U.S.C.A. §§ 1111, 1137; 38 C.F.R. § 3.304(b). A preexisting injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. See 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306. 

Certain chronic diseases, including sensorineural hearing loss and tinnitus, are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). Moreover, for such chronic diseases, an alternative method of establishing the second and third Shedden/Caluza element is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a); See 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2014). 

Service connection may only be granted for a current disability; and therefore, if a claimed condition is not shown, there may be no grant of service connection. 38 U.S.C.A. § 1110 (West 2014); Rabideau v. Derwinski, 2 Vet. App. 141 (1992) (Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability). "In the absence of proof of a present disability there can be no valid claim." Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

In cases where a hearing loss disability is claimed, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the above frequencies are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2016).

38 C.F.R § 3.385 does not preclude service connection for a current hearing loss disability where hearing was within normal limits on audiometric testing at separation from service. See Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Rather, when audiometric test results at a veteran's separation from service do not meet the requirements of 38 C.F.R. § 3.385, a veteran may nevertheless establish service connection for current hearing disability by submitting medical evidence that the current disability is causally related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

Where the requirements for hearing loss disability pursuant to 38 C.F.R. § 3.385 are not met until several years after separation from service, the record must include evidence of exposure to disease or injury in service that would adversely affect the auditory system and post-service test results meeting the criteria of 38 C.F.R. § 3.385. Hensley, 5 Vet. App at 155. If the record shows (a) acoustic trauma due to significant noise exposure in service and audiometric test results reflect an upward shift in tested thresholds while in service, though still not meeting the requirements for "disability" under 38 C.F.R. § 3.385, and (b) post service audiometric testing produces findings which meet the requirements of 38 C.F.R. § 3.385; then the rating authorities must consider whether there is a medically sound basis to attribute the post service findings to the injury in service, or whether these findings are more properly attributable to intervening causes. Id. at 159.

In this case, the Board determines that service connection is not warranted for bilateral hearing loss, tinnitus, or a bilateral ear disability. 

First, although the Veteran was exposed to significant noise in service, the service treatment records do not indicate complaints or treatment for hearing loss, tinnitus, and/or an ear disability, nor were they clinically indicated. In regard to the Veteran's hearing loss and tinnitus, the Board observes that the Veteran's entrance examination in April 1968 indicates that he had right ear hearing loss for VA purposes that pre-existed service. Nevertheless, a comparison of the Veteran's tonal thresholds at the time of his entrance examination in April 1968, and the time of his separation examination in April 1969, does not reflect a worsening in his right ear hearing for VA purposes. Further, the Veteran's service treatment records, including the aforementioned entrance and separation examinations, do not reveal any left ear hearing loss during active service for VA purposes. 

With respect to the Veteran's bilateral ear disability, aside from hearing loss, the post-service treatment records do not reflect a diagnosis or symptoms related to an ear disability, to include ear drum damage. Specifically, the April 2012 examiner found that the Veteran does not have a current ear disability as his ear examination was essentially normal with no current manifestations of any ear disorder, such as a perforated ear drum. Therefore, service connection for an ear disability is not for application because the evidence does not indicate that a bilateral ear disability existed at any point during the pendency of the appeal. See 38 U.S.C.A. § 1110 (West 2014); Rabideau v. Derwinski, 2 Vet. App. 141 (1992); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Next, service connection may also be granted when the evidence establishes a medical nexus between active duty service and current complaints. In this case, the Board finds that the weight of the competent evidence does not attribute the Veteran's claimed disorders to active duty, despite his contentions to the contrary. 

Specifically the Board places significant value on the opinions of the VA examiner who evaluated the Veteran's hearing loss and tinnitus in April 2012. On that occasion, the Veteran stated that he has difficulty hearing and understanding people and that his tinnitus is irritating. However, after a full audiological examination and review of the claims file, the examiner opined that it was less likely than not that either disorder was related to service. In providing this opinion, the examiner noted that the Veteran had a long post-service career as an industrial mechanic, where he would have likely been exposed to high noise levels on the job. Thus, given the Veteran's normal hearing examination on discharge from service, the examiner opined that his post-service employment was the likely cause of his current symptoms. 

In arriving at this conclusion, the Board has also considered the statements made by the Veteran relating his audiological disorders to active service. The Federal Circuit has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009) (quoting Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007)).

In this case, however, the Veteran is not competent to provide testimony regarding the diagnosis of an ear disorder and the etiology of audiological disorders such as hearing loss and injuries to the tympanic membrane. See Jandreau, 492 F.3d at 1377, n.4. While tinnitus is a disorder that is diagnosed by unique and readily identifiable features, hearing loss and an ear disability are not, as they do not involve a simple identification that a layperson is competent to make. Instead, the diagnosis of dysfunctions and disorders, and their respective etiologies, are medical determinations and generally must be established by medical findings and opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). Thus, to the extent that the Veteran believes that his disabilities are related to service, he is a lay person without appropriate medical training and expertise to provide a medical diagnosis and etiological opinion. 

Moreover, while the Veteran is competent to discuss tinnitus, as it is a disorder that may be identified purely by his symptoms, the Board finds that his assertions related to his tinnitus to be insufficient to be relied upon without corroborating evidence. Specifically, the Board notes that he filed multiple claims for service connection previously, and did not mention tinnitus on those occasions. Had he experienced tinnitus at that time, it is reasonable to conclude that he would have raised the issue. 

In light of the above discussion, the Board concludes that the preponderance of the evidence is against the claims for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.

VA Duty to Notify and Assist

The Board has given consideration to the Veterans Claims Assistance Act of 2000 (VCAA), which includes an enhanced duty on the part of VA to notify a veteran of the information and evidence necessary to substantiate claims for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016). The VCAA also redefines the obligations of VA with respect to its statutory duty to assist veterans in the development of their claims. 38 U.S.C.A. §§ 5103, 5103A.

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2016); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

In this case, the Veteran was provided notice letters informing him of both his and VA's obligations. Moreover, there is no indication of a failure to notify. See Scott v. McDonald, 789 F.3rd 1375 (Fed. Cir. 2015). Therefore, additional notice is not required and any defect in notice is not prejudicial. 

With respect to the duty to assist, VA must obtain "records of relevant medical treatment or examination" at VA facilities. 38 U.S.C.A. § 5103A(c)(2). All records pertaining to the conditions at issue are presumptively relevant. See Moore v. Shinseki, 555 F.3d 1369, 1374 (Fed. Cir. 2009); Golz v. Shinseki, 590 F.3d 1317 (Fed. Cir. 2010). In addition, where the Veteran "sufficiently identifies" other VA medical records that he or she desires to be obtained, VA must also seek those records even if they do not appear potentially relevant based upon the available information. Sullivan v. McDonald, 815 F.3d 786, 793 (Fed. Cir. 2016) (citing 38 C.F.R. § 3.159(c)(3)). 

Here, the Board finds that all necessary assistance has been provided to the Veteran. Specifically, all VA treatment records and relevant private treatment records have been obtained. The Veteran has also been provided with a VA examination. Upon review of the examination report, the Board observes that the examiner reviewed the Veteran's past medical history, recorded his current complaints and history, conducted appropriate evaluations and rendered appropriate diagnoses and opinions consistent with the remainder of the evidence of record. The VA examination report is therefore adequate for the purpose of rendering a decision on appeal. 38 C.F.R. § 4.2 (2016); Barr v. Nicholson, 21 Vet. App. 303 (2007).

Therefore, no further notice or assistance is required to fulfill VA's duty to assist in the development of the above-cited claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).


ORDER

Service connection for bilateral hearing loss is denied. 

Service connection for tinnitus is denied.

Service connection for a bilateral ear disability, to include injury to the tympanic membrane, is denied. 




____________________________________________
B.T. KNOPE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs